UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| HERFF JONES, LLC, | ) |
|---|---|
| Plaintiff/Counterclaim Defendant, | ) ) ) |
| vs. | ) Cause No. 1:17-cv-3508-WTL-DML ) |
| ELIZABETH FLIPPIN, | ) ) |
| Defendant/Counterclaim Plaintiff. | ) |

## ENTRY ON VARIOUS MOTIONS

This cause is before the Court on the Defendant/Counterclaim Plaintiff's ("Flippin") Motion to Stay Discovery, Briefing, and Hearing on Plaintiff/Counterclaim Defendant's ("Herff Jones") Motion for Preliminary Injunction (Dkt. No. 20), Flippin's Objection to the Magistrate Judge's Order on Discovery Dispute (Dkt. Nos. 35), Herff Jones's Motion to Stay Entry of Case Management Deadlines Pending Ruling on Motion for Preliminary Injunction (Dkt. No. 10), and its Motion for Stay of Briefing on Motion for Preliminary Injunction (Dkt. No. 45). Flippin's Motion to Stay Discovery, Briefing, and Hearing on Herff Jones's Motion for Preliminary Injunction is fully briefed, and the Court has reviewed Herff Jones's response to Flippin's objections regarding the Order on Discovery Dispute.[1] *See* Dkt. No. 46. Flippin filed a Case Management Plan in response to Herff Jones's Motion to Stay Entry of Case Management Deadlines Pending Ruling on Motion for Preliminary Injunction. *See* Dkt. No. 11. The Court, being duly advised, addresses the motions below.

---

[1] Herff Jones has filed its own Partial Objection to Magistrate Judge's Order on Discovery Dispute (Dkt. No. 42). That objection will be addressed in due course, as time has not yet run for Flippin to respond to Herff Jones's objection.

# I. BACKGROUND

Herff Jones manufactures and sells, through its authorized independent distributors, motivational and recognition products, including graduation caps and gowns, diplomas, and school jewelry, to schools. Flippin was hired by Herff Jones as an independent contractor to act as a sales representative for Herff Jones's products and services within a three-county territory in California. To memorialize the arrangement, Flippin and Herff Jones entered into a Scholastic Sales Representative Agreement (the "Agreement") on or around April 15, 2011. The Agreement could be terminated at the option of either party upon sixty days written notice to the other party. Flippin notified Herff Jones on May 22, 2017, that she intended to terminate the Agreement and resign effective July 21, 2017.

Herff Jones filed a lawsuit against Flippin in the Marion County, Indiana Superior Court on August 10, 2017, seeking a temporary restraining order and other preliminary and permanent injunctive relief, after it learned that Flippin intended to work for Jostens, Inc., a competitor of Herff Jones.[2] That lawsuit was removed to this Court on September 29, 2017. *See* Dkt. No. 1. Following removal to this Court, Herff Jones filed a Motion for Preliminary Injunction.

## II. DISCUSSION

### A. Preliminary Injunction Matters

Flippin requests that this Court stay all discovery, briefing, and the hearing on Herff Jones's Motion for Preliminary Injunction until final judgment is issued in *Potlongo v. Herff Jones*, Cause No. 8:17-cv-1624-JLS-DFM (C.D. Cal. filed Sept. 18, 2017). She contends that a stay is appropriate here because, in *Potlongo,* "the United States District Court for the Central

---

[2] Flippin provides a detailed account of the procedural posture of that action prior to its removal to this Court. The Court does not find it necessary to recount the information here.

District of California has enjoined Herff Jones from enforcing or taking any action to enforce the very same contractual provisions that Herff Jones is seeking to enforce in this matter." Dkt. No. 20 at 1. The District Court in *Potlongo* determined in a preliminary ruling that both the Option to Purchase and Covenant Not to Compete provisions of the agreement at issue in that case were unenforceable, and it enjoined Herff Jones from enforcing those provisions pending final resolution of the case.[3] *See* Dkt. No. 20 at 13. Flippin argues that, because the same provisions appear in her Agreement with Herff Jones, this Court should defer to the *Potlongo* court: "Herff Jones should not be allowed to circumvent the Potlongo Injunction by seeking discovery in this case, which it would not otherwise be allowed to request, or to attempt to enforce the very same illegal contractual provisions against Flippin, which it would be unable to do in California." Dkt. No. 34 at 2. She concludes that "it is more efficient to stay this case while waiting for the Ninth Circuit to issue its decision on the Potlongo Order." Dkt. No. 20 at 17.

Flippin also objects to the Order on Discovery Dispute in this matter "because [the Order] requires Flippin to produce a substantial amount of information in discovery about a contract which has been deemed a 'sham' and/or unenforceable by two separate courts, prior to this Court resolving the threshold matter of the illegality of the contract which Herff Jones attempts to enforce." Dkt. No. 35 at 1. She repeatedly claims that "the threshold issue in this case is the enforceability of Herff Jones' Option and Non-Compete against California citizens such as Flippin."[4] *See* Dkt. No. 35 at 3; *see also id.* at 4 (referring again to "the threshold issue"); *id.* at 5 (stating that "what this Court must first determine is whether the relevant clauses of the

---

[3] Herff Jones is appealing the California district court's preliminary injunction ruling.
[4] When Flippin refers to "non-compete," she suggests that the term refers to both the non-competition and non-solicitation provisions of the Agreement. Accordingly, the Court uses the term "non-compete" to refer to all provisions of the Agreement's section 12, including those relating to customer solicitation.

3

Agreement are void and illegal"); *id.* at 6 (arguing that "discovery in support of the PI motion remains premature unless and until this Court rules on the enforceability of the Agreement and the specific Option and Non-Compete clauses at issue"), and *id.* at 7 (again discussing "the threshold issue of the legality of the covenants that Herff Jones seeks to enforce").

The Court disagrees. It is not necessary for the Court to determine as a threshold matter whether the option and non-compete provisions in Flippin's Agreement are enforceable. Nor is it necessary to stay all discovery, briefing, and the hearing on Herff Jones's Motion for Preliminary Injunction until final judgment is issued in the California court or until this Court determines whether the option and non-compete provisions in Flippin's Agreement are enforceable. As Flippin acknowledges, "Herff Jones seeks to enjoin Flippin from soliciting or accepting business from the clients she managed while a sales representative at Herff Jones, pursuant to the terms of her Herff Jones Scholastic Sales Representative Agreement." Dkt. No. 8 at 1. Herff Jones, however, also seeks to enjoin Flippin "from continuing her ongoing misappropriation and unauthorized use of confidential information and trade secrets belonging to Herff Jones." *Id.* Herff Jones brings a claim of breach of contract regarding the confidential information provision of Flippin's Agreement, section 10.4, and a claim under Indiana Code § 24-2-3-2, Indiana's Trade Secrets law. Whether the options or non-compete provisions are unenforceable does not affect these claims, and that determination is certainly not a "threshold issue" that must be decided prior to ruling on Herff Jones's Motion for Preliminary Injunction. For these reasons alone, staying all progress on Herff Jones's Motion for Preliminary Injunction is inappropriate. And, even if Herff Jones brought claims under the options and non-compete provisions alone, the Court here would need to examine those contract provisions, and the rest of the Agreement along with all other evidence presented, as part of its preliminary injunction

analysis – just as the California and Marion County courts did. As Herff Jones correctly points out, "while [the California and Marion County courts'] decisions and the rationale behind them certainly may be argued as persuasive, that is something for the parties to brief and argue to the Court and ultimately for this Court to decide – the decisions themselves are not binding on this Court." Dkt. No. 33 at 7.

Having considered Flippin's objections to the Order on Discovery Dispute and the Motion to Stay Discovery, Briefing, and Hearing on [the] Motion for Preliminary Injunction, the Court **OVERRULES** Flippin's Objection to Magistrate Judge's Order on Discovery Dispute (Dkt. No. 35) and **DENIES** the Motion to Stay Discovery, Briefing, and Hearing on Plaintiff/Counterclaim Defendant's Motion for Preliminary Injunction (Dkt. No. 20). Discovery, briefing, and the hearing on Herff Jones's Motion for Preliminary Injunction shall proceed. Flippin's supplemental responses to the Document Requests as discussed in the Order on Discovery Dispute, including the documents themselves and a privilege log, shall now be served by **the close of business December 22, 2018.** Herff Jones's brief in support of its Motion for Preliminary Injunction is due **January 15, 2018**; Flippin's response is due **January 29, 2018**; and Herff Jones's reply is due **February 5, 2018**. The preliminary injunction hearing is hereby scheduled for **Friday, March 9, 2018 at 9:00 a.m. in Room 202 of the Birch Bayh Federal Courthouse in Indianapolis, Indiana**. The Court hereby **DENIES AS MOOT** Herff Jones's Motion to Stay Briefing on its Motion for Preliminary Injunction (Dkt. No. 45).

### B. Case Management Plan Deadlines

Herff Jones also seeks to stay the entry of case management deadlines pending a ruling on its Motion for Preliminary Injunction. It argues that the Agreement permits this Court to rule on preliminary injunctive relief, but requires all matters other than injunctive relieve to be

submitted to arbitration.  Following a ruling on its Motion for Preliminary Injunction, Herff Jones submits that it will file a motion to stay proceedings and compel arbitration of all remaining disputes.  Flippin filed a proposed case management plan in response.  *See* Dkt. No. 11.  In her Case Management Plan, Flippin explained that Herff Jones is simultaneously seeking equitable relief in arbitration.  Flippin objects to such relief through arbitration "on the basis that the Arbitrator lack[s] jurisdiction to hear matters relating to equitable relief."  Dkt. No. 11 at 10.  Flippin also informed this Court that the parties have briefed the issue in arbitration, but "the Arbitrator has not yet decided whether he can preside over the preliminary injunction hearing."  *Id.*  Flippin has not indicated to this Court that arbitration is not appropriate for the other relief sought in this matter and does not object to Herff Jones's motion.  The Court therefore **GRANTS** Herff Jones's Motion to Stay Entry of Case Management Deadlines Pending Ruling on Motion for Preliminary Injunction (Dkt. No. 10).

    SO ORDERED: 12/18/17

                                              Hon. William T. Lawrence, Judge
                                              United States District Court
                                              Southern District of Indiana

Copies to all counsel of record via electronic communication